UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cesar Mendoza-Hernandez, Plaintiff, ) ) ) v. ) ) James F. Sherman, ) Warden, FCI McKean, ) Defendant. ) ) | ) Civil Action ) #04-204E. ) ) Magistrate ) Judge Baxter ) ) JURY TRIAL DEMAND |

MOTION/AFFIDAVIT VIA: FEDERAL RULES OF CIVIL PROCEDURE
56(f)  BY PLAINTIFF: Hernandez, IN OPPOSITION TO
DEFENDANT Sherman's  MOTION TO DISMISS OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT VIA: FRCP 56

COMES NOW, Plaintiff: Hernandez, Pro Per In Propria

Persona Proceeding Sui Juris, in the above captioned

case & titled motion/claim/affidavit.

Affidavit of Cesar Mendoza-Hernandez
Via: Federal Rules of Civil Procedure Rule 56(f)

I, hereby state the following to be true & correct
under the pains & penalties of Perjury via: 18 U.S.C.
§1623 & under 28 U.S.C. §1746, I state as follows:

1. I am the above Plaintiff: (Cesar Mendoza-Hernandez

hereinafter referred to as: 'Plaintiff')

2. I hereby certify that I have sent this Court Document

via: U.S. Mail-Postage Pre-paid on this 19 day of

July, 2005, via: Caldwell v. Amend, 30 F.3d 1199 (9th

Cir.1994); Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d

245, 108 S.Ct. 2379 (1988); Prisoners' Pro Se Judgment

N.O.V. was deemed filed on date Motion was placed in

Prison's "Legal MailBox" as opposed to date of its

receipt by the Court, Clerk, USA, AUSA, Respondents.

3. My Motion/Affidavit via: Federal Rules of Civil Procedure Rule 56(f) (hereinafter referred to as 'FRCP 56(f) Affidavit') is also sent via:

Lema v. U.S., 987 F.2d 48, 54 n.5 (1st Cir.1993);

Boag v. MacDougall, 454 U.S. 364, 70 L.Ed.2d 551, 102 S.Ct. 594 (1982);

Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (Per Curiam);

Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (Per Curiam); Pro Se litigants pleadings are to be construed liberally & held to less stringent standards than formal pleadings drafted by lawyers.

4. I, Plaintiff, also invokes for the record my U.S. Constitutional & Pennsylvania Constitutional Rights & thus, as both a flesh & blood breathing human being also protected by my natural born God-given unalienable rights.

5.                          BACKGROUND

On or around August 23, 2004, Plaintiff, filed the instant civil action against: Defendant: James F. Sherman, a Designee of the United States Attorney General, whom represents the entire United States of America, Executive Branch of Government/U.S. Department of Justice's Federal Bureau of Prisons, alleging violations

(2)

that Plaintiff, raises a series of allegations that
occurred between October 16, 2000 and February, 2002.
Specifically, Plaintiff alleges that on October 16,
2000, while incarcerated in El Reno, Oklahoma, prison
staff placed him into a segregation unit because they
believed Plaintiff was affiliated with a gang. (Comp.
at ¶IV.C.1) Plaintiff claims that, on October 22, 2000,
while in segregation, inmate Romero assaulted him.
(Id. at ¶.C.2) Plaintiff further alleges that, the
next day, inmate Balcazar also assaulted him, and that
Officer L. Hottel observed the assault but failed to
intervene. (Id. at ¶ IV.C.3) Plaintiff claims that
after the Balcazar assault ended, "officer L. Hottel
returned accompanied by officer E. Garet, Lt. Boone
and Mr. Crane," and these officers also assaulted him.
(Id.) Plaintiff: Hernandez, next alleges that on November
27, 2001, he was tranferred to Oakdale, Louisiana where
prison staff placed him in a cell with a gang member.
(Id. at ¶IV.C.4) Plaintiff claims that the "captain"
shackled and handcuffed him & then left him in the
cell where his cellmate assaulted him while handcuffed.
(Id. at ¶IV.C.5.)
Lastly, Plaintiff alleges that in February 2002 prison
staff placed him in solitary confinement & fed him
spoiled food. (Id. at ¶IV.C.6) Plaintiff claims his
food was "laced with plastic, weeds, & tiny rocks"

(3)

and that his throat became swollen & he chipped a tooth because of the objects placed in his food. (Id.)

 Plaintiff alleges that all of the incidents of which he complains occurred in El Reno, Oklahoma & "SMU Unit E" in Oakdale, Louisiana, while in the custody of the Federal Bureau of Prisons: United States Department of Justice, under the Executive Branch of Government. (Id. at ¶V.)

### PLAINTIFF HAS CLEARLY STATED A CAUSE OF ACTION AGAINST James F. Sherman, DESIGNEE, OF THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

 Plaintiff alleges that his claims arise from violations of his Fourteenth Amendment rights to equal protection of the law and due process & the Eighth Amendment right to be free from cruel & unusual punishment. (Compl.at ¶III.) A civil rights action against federal employee may be asserted under the authority of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). "Bivens creates a cause of action where a federal official, acting under color of federal law, violates a plaintiff's constitutional rights." Fields v. Blake, 349 F.Supp.2d 910, 916 (E.D.Pa.2004).

 Since Defendant: James F. Sherman, Warden of FCI McKean, also holds the very powerful position as the "Designee of the Attorney General of the United States of America" Plaintiff, clearly has served the correct defendant.

(4)

Additionally, "if" this Court finds that Plaintiff's
complaint should contain additional culpable defendants,
Plaintiff, would agree & thus, request that this Honorable
Court grant Plaintiff, under Lema v. U.S., supra, Boag
v. MacDougall, supra, Hughes v. Rowe, supra, Haines
v. Kerner, supra, Pro Se litigants pleadings are to
be construed liberally & held to less stringent standards
than formal pleadings drafted by lawyers. Moreover,
under: Federal Rules of Civil Procedure Rule 15, Motion
to Supplement, Plaintiff, requesting permission from
this Court. Permission may be granted even though the
original pleading is defective in its statement of
a claim for relief or defense. If the Court deems it
advisable that the adverse party plead to the supplemental
pleading, it shall so order, specifying the time thereof.
Leonard v. Parry, 219 F.3d 25, 29 (1st Cir.2000); "Properly
construed, [FRCP 15(c)(3)] encompasses both mistakes
that were easily avoidable & those that were serendipitious."
Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230
(1962). Plaintiff, requests atleast fourty days extention,
enlargement of time via: FRCP 6(b), to maintainance
& Supplement the brief. This request is also in the
interest of justice, & to more clearly exercise Plaintiff's
Due Process, Access to the Courts & Equal Protection
of Law, the three elements that were denied the Plaintiff.

(5)

## Venue in the Western District of Pennsylvania is Proper

Once again, Defendant: James F. Sherman, Warden of
FCI McKean, clearly also holds the very powerful position
of "Designee of the United States Attorney General"
clearly covering the entire United States of America
for Jurisdiction & Venue.  All federal sentences of
federal prisoners are sentenced to the Attorney General
of the United States of America, regardless of where
they committed their crime within the United States,
they are all held under the The Attorney General of
the United States & his Designee's U.S. Department
of Justice: Federal Bureau of Prisons Wardens, throughout
the United States of America, without this Jurisdiction
& Venue of Warden: Sherman, being a Designee, he could
not hold "any" federal prisoner within FCI McKean,
lawfully, constitutionally, & ethically, he needs that
powerful title of "Designee of the United States Attorney
General" clearly, irrefutable title. Second, "if" this
Court feels that other jurisdictions & Venues be added,
Plaintiff, requests under FRCP 15 to Supplement via:
supra, arguments in support.

### The Statute Of Limitations On Plaintiff's Claims Clearly HAS NOT Expired

Since this is a continuous & on going conspiracy
against Plaintiff's Due Process, Equal Protection of
Law & Access to the Courts, the conspiracy has not
ended, preventing Plaintiff's to Prosecute this action.

(6)

The law is clear: Defendant: James F. Sherman, continues
to prevent Federal Inmates at FCI McKean, including
the Plaintiff, from receiving their Legal Mail-Special
Mail, from the Courts, AUSA's, Clerks, etc.  Numerous
complaints have been filed against this continuous
activity being directed by FCI McKean's Warden: James
F. Sherman, (Defendant), Designee of the Attorney General
of the United States, preventing inmates from access
receiving their PSI's, Sentencing Transcripts, Trial
Transcripts, Court Docket, Court Briefs, etc.  Defendant:
Sherman, cannot, refute this, his actions are well
documented in United States Senate, U.S. Senator: Arlen
Specter's Office, Microfilm, computers, United States
Court's throughout the United States, & via: Adnministrative
remedies, are all pending, Defendant: Sherman's "Nazi"
administration here at FCI McKean, is completely out
of control, violating inmates U.S. Constitutional Rights,
Due Process, Access to the Courts & the Courts Access
to the inmates, & Equal Protection of Law, unlawfully,
unconstitutionally, & unethically, without "any" correspond-
ing accountability, covering up, & using the United
States Attorneys for the Western District of Pennsylvania
as "Damage Control Component" effectively. Since this
conspiracy is causing Plaintiff irreparable harm such
conduct is a clear violation of the 8th Amendment:
See: Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct.
285 (1976).

The Western District of Pennsylvania's United States
Attorneys Office <u>cannot</u>    protect defendant: James
F. Sherman, who continues to conspire together with
those known & unknown to prevent federal inmates at
FCI McKean, including the Plaintiff, from Access to
the Courts, Equal Protection of the Law & Due Process,
supra, thus, implementing also the Conspiracy of Silence
to cover-up its discovery of unlawful, unconstitutional
& unethical acts, supra, at the behest of Defendant:
Sherman, in which the Staff here at FCI McKean, has
to follow his orders or be fired. As a matter of law
the continuous deprivation of constitutional rights
constitute irreparable harm; <u>see</u> <u>Elrod v. Burns</u>, 427
U.S. 347, 373, 96 S.Ct. 2673 (1976). This principle
has been applied in prison litigation generally, see:
<u>Newsome v. Norris</u>, 888 F.2d 871, 378 (6th Cir.1989);
<u>Mitchell v. Cuomo</u>, 748 F.2d 804, 806 (2nd Cir.1984).
<u>Albro v. Conway of Onondaga, NY</u>, 627 F.Supp. 1280,
1287 (N.D.N.Y.1986); <u>Williams v. Lane</u>, 646 F.S. 1379,
1409 (N.D.Ill.1986), affirmed, 851 F.2d 867 (7th Cir.1988),
cert. denied, 109 S.Ct. 879 (1989) and specifically
in prison medical care cases, <u>Phillips v. Michigan</u>
<u>Dept. of Corrections</u>, 731 F.S. 792, 801 (W.D. Mich.1990),
affirmed, 932 F.2d 969 (6th Cir.1991). In addition
the United States Attorneys Office For the Western
District of Pennsylvania <u>CANNOT</u> protect Warden Sherman,

The law is clear & irrefutable. The attorney client

privilege protects confidential communications regarding

legal matters  but the law is clear that there is NO

Protection For Communications that are in furtherance

of the client's Warden (Defandant) Sherman's on-going

contemplated illegal acts. See Clark v. United States, 77

L.Ed. 993 (1933) (such a client "will have no help

from the law") See: United States v. Gordon--Nikkar,

518 F.2d 972, 975 (5th Cir.1975), ("It is beyond dispute

that the attorney client privilege does not extend

to communications regarding an intended crime"). The

crime/fraud exception to the attorney client privilege

applies even if the attorney is unaware that his or

her professional services (USA: Mary Beth Buchanan

& AUSA: Lee J. Karl, U.S. Department of Justice) is

being sought in furtherance of an improper purpose

"continuous conspiracy" see United States v. Soudan,

812 F.2d 920, 927 (5th Cir.1986) and the attorney takes

no action to assist the client In Re: Grand Jury Proceedings

87 F.3d 377, 382, (9th Cir.1996). This is the so-called

Richard Nixon Syndrome to continue & cover up the conspiracy

see Watergate cover up. [F]undamental fairness and

public confidence in government officials require that

Defendant--Warden: Sherman, & USA & AUSA's, supra be

held to "meticulous standards of both promise & performance."

Correale v. United States, 479 F.2d 944, 947 (1st Cir.1973).

(9)

In 1861, Lord Acton, wrote, "[e]very thing secret degenerates, even the administration of justice." John Emergh Edward Dalberg Acton, Lord Acton and his circle 166 (Abbot Gasquet, ed., 1968). This case in Hernandez, supra demonstrates that he was right.

When the government has [1] "intentionally, or with reckless disregard for the truth," submitted an application that is [2] materially false or misleading. <u>Franks</u>, 438 U.S. at 155-56, 171-172, 98 S.Ct. 2674. "Intentionally" means "[t]o do something purposely and not accidentally." Black's Law Dictionary 810 (6th ed.1990). With regard to "reckless disregard," in <u>Franks</u>, the U.S. Supreme Court stated that: "[W]hen the Fourth Amendment demands a factual showing...the obvious assumption is that there will be a truthful showing'..."truthful" in the sense that the information Defendant-Warden: Sherman put forth is believed or appropriately accepted by the affiant as true. 438 U.S. at 164-65, 98 S.Ct. 2674 (quoting <u>U.S. v. Halsey</u>, 257 F.S. 1002, 1005 (S.D.N.Y.1966)) (emphasis added). <u>Bemis v. United States</u>, 30 F.3d 220, 221 n.1 (1st Cir.1994). In general, those decisions are rooted in the principle that, "Fundamental Fairness and Public Confidence in government officials require that [the government: Defendant-Warden: Sherman, USA & AUSA's] be held to 'meticulous standards of both promise & performance.'"

(10)

### Plaintiff Under The Above Continuous Conspiracy Could Not Have Exhausted His Administrative Remedies Since This Conspiracy Has Not Ceased

This case involves Quintessence Egregious Gross Governmental Misconduct, that is an extenuating circumstance that "if" Plaintiff, did exhaust his administrative remedy he could have easily ended up an "accidentental" death. Such as the same situation as the incident in the Oklahoma City, Tranfer Center in Oklahoma, in which numerous guards beat an inmate to death & hung him up after in his cell & ruled it a suicide. However, the inmate had a brother who was a lawyer, & got a Court order to return to the cell in which his brother was hung up in, & used some chemical which showed that the brothers blood was all over the cell, showing up as some transparent orange color, which ultimately proved that the alleged suicide was actually a homicide, by the Federal Bureau of Prisons Employees at Oklahoma City Transfer Center, in Oklahoma, the same place the Plaintiff, experienced his beatings, etc...As such Plaintiff, should be excused from this procedure, in the interest of justice.

### Plaintiff Did Not Need To Exhaust His Tort Administrative Remedies, Thus, Not Required to Claim Negligence Since This Is A Bivens Civil Action Claiming Constitutional Violations

It appears that the government is suffering from a self inflicted wound...

(11)

As clearly stated above Plaintiff, filed a <u>Bivens</u>, civil action against defendant: James F. Sherman, Warden of FCI McKean, whom also possesses the powerful position as a 'Designee of the Attorney General of the United States of America' clearly the correct jurisdiction & venue for this civil action within the United States of America, in which Plaintiff, alleges violations, supra. Since Plaintiff, has chosen to 'only' exercise his constitutional rights & due process rights by filing a <u>'Bivens</u>, supra' & not a 'Tort Claim' Plaintiff, clearly does not have to exhaust his 'Tort' administrative remedies. Second, since Plaintiff's life, liberty & property is also in jeopardy via: U.S. Dpeartment of Justice Staff within the Federal Bureau of Prisons, through the instigation & fomenting of violence & actual violence directly conducted from staff, it is reasonably foreseeable & a very strong inference that it will continue without discovery & covered up via: <u>Conspiracy of Silence</u> (1865): Is a Secret agreement to keep silent about an occurrence or occurences (Plaintiff: Hernandez being assaulted by Federal Bureau of Prisons Staff & inmates, supra), situation or subject especially in order to promote or protect selfish interests. Blacks Law Dictionary (I), & Merriam Webster College Dictionary, 10th Edition II. Thus, the cover-ups continues without transparent corresponding accountability.

Additionally, as of this current writing June 26, 2005, the Law Library has 'only' six (6) [not completely functionable typewriters] for well over fourteen Hundred (1400) FCI McKean Federal Inmates, creating additional hostile environment for those inmates including the Plaintiff, who wishes to exercise his Due Process, Access To The Courts & Equal Protection of Law, thus, impeding Plaintiff's diligent responses, & actually typing his Court Documents, not counting FCI McKean's MailRoom & Education Staff: Mr. Strade, tampering with inmates legal work & legal mail, with 'a wink & a nod' from Defendant: Warden James F. Sherman, preventing Plaintiff & other FCI McKean inmates from exercising their 'Due Process & Access to the Courts' see Farver v. Schwartz, 255 F.3d 473 (8th Cir.2001); Concerns: 'Retaliation.' Also see  Exparte Hull, 312 U.S. 546 (1941) 'Legal Mail Tamperings.' Bryan v. Werner, 516 F.2d 233 (3d Cir.1975); 'Preventing from (timely) filing legal work & matters. Clark v. United States, 77 L.Ed. 993, 289 U.S. 1, 53 S.Ct. 465 (1933); (such a client "will have no help from the law"). Prisoner had standing to bring action alleging that failure to forward his 'Legal Mail' violated his Right of Access To The Courts: Simkins v. Bruce,  406 F.3d 1239 (10th Cir.2005). See "The Original 13th Amendment of 1810" RE: Supreme Law of the Land Redress of Grievance in the Courts First & Seventh Amendment(s) U.S. Const. Artilce I, §9 Cl.8.

(13)

Also see: 5 CFR §2635 Standards of Ethical Conduct for Employees of the Executive Branch of Government (8/7/92).

Executive Orders 12674 and 12731: Prescribing Standards of Ethical Conduct, for U.S. Department of Justice Employee(s).

U.S. Department of Justice (DOJ) Order 1735.1 Procedures for Complying with Uniform Standards and Other Ethics Requirements (9/17/92).

General References:  The Standards of Ethical Conduct for Employees of the Executive Branch, found at 5 CFR part 2635, sets forth ethical standards, statutory provisions, and other matters governing the conduct of federal employees. Various resolutions, messages, memoranda, & Executive Orders are included, as are requirements for informing employees and the authority for regulating their conduct. This includes United States Department of Justice's: Federal Bureau of Prisons Wardens & Employee(s) at FCI McKean & throughout the country, supra.  See United States v. Marolf, 173 F.3d 1213 (9th Cir.1999); Internal agency regulations cannot legitimate the violation of Constitutional or Statutory Rights.  Also see: Federal Bureau of Prisons Policy Statements PS 3420.09 (2/5/99) governing DOJ Misconduct. All parties must admit to this one unavoidable fact: That whatever we do or whatever we fail to do regarding our rights & government, will have a definite impact on future generations.

(14)

The American Patriot & Statesman: Samuel Adams
Stated: Let us contemplate our forefathers & posterity;
and resolve to maintain the rights bequeathed to us from
the former, for the sake of the latter.

H.A. Cushing, The writings of Samuel Adams, Vol. 2.
p.250 from an essay in the Boston Gazette 1771.

As John Dickerson, stated Honour, Justice & humanity
call upon us to hold, and to transmit to our
posterity, that liberty, which we received from
our ancesters. It is not our duty to leave wealth
to our children: but it is our duty, to leave
liberty to them.

John Dickerson, political writings, Volume 1 p.312.

Dr. Joseph Waren, president of the Massachusetts Congress
& a Major General, who fought & died at Bunker Hill,
stated in his oration in Boston on March 5, 1775:
"Our country is in danger, but not to be despired
of...On you depend the fortunes of America. You are
to decide the important question, on which rest the
happiness & liberty of Millions yet unborn. Act worthy
of yourselves.

Hezekiah Niles, Principles & Acts of the Revolution,
p.24.

Plaintiff's Additional Arguments In Opposition
To Defendants Motion To Dismiss & Or In The
Alternative For Summary Judgment Via: FRCP 56

Plaintiff's Response via: FRCP 56(f) Affidavit in

opposition to Summary Judgment of Defendants Motion.

The purpose of this Motion/Affidavit via: FRCP 56(f),

is to explain to the Court why--it should deny the

defendants motion to dismiss & or for Summary Judgment.

Plaintiff presents compelling reasons that exists for

the exercise of this Court's discretionary jurisdiction.

(15)

Showing not only why the decision of the defendant &
his "damage Control' U.S. Attorney & AUSA's whom  re-
present--him may be erroneous, but the national importance
of having this court decide Plaintiff's questions
involved, supra. The primary concern of this Court
is not just to correct errors of law but also to
decide presenting issues of importance beyond the
particular facts & parties involved. An important
function of this Court is to resolve Plaintiff's
Constitutional, Ethical & Moral violations & specific
legal questions.  Another consideration is the importance
to the public whom grant the power to governmental
officials to be notified, via the unlawful & unconstit-
utional actions of Federal Employees, supra. Plaintiff,
clearly fits both criteria's.  Plaintiff, requests
that this Court - should correct certain important
inaccuracies of the defendant's analysis & to more
closely examine certain questions that Plaintiff,
has raised of significant importance. Such as inmates/
Plaintiff's rights to Due Process, Access to the
Courts & Equal Protection of the Law, something that
appears to be denied to Plaintiff & other inmates
here at FCI McKean, via, supra. Plaintiff, presents
that his case has a "genuine" issue in dispute. A
"genuine' issue is one that can be resolved the controversy
in favor of either party. Anderson, 477 U.S. 248-49,

(16)

106 S.Ct. at 2510. A genuine issue exists when a reasonable jury could resolve disputed facts via: Plaintiff's case supra. <u>Jenkins v. Wood</u>, 81 F.3d 988, 990 (10th Cir.1996); <u>Meadowbriar Home for Children, Inc. v. Gunn</u>, 81 F.3d 521, 533 (5th Cir.1996); <u>MulvillHill v. Top-Flight Golf Co.</u>, 335 F.3d 15, 19 (1st Cir.2003); <u>Cadle v. Hayes</u>, 116 F.3d 957, 960 (1st Cir.1997). "Material Fact" is one that can affect the outcome of the suit under the governing substantive law. <u>Anderson</u>, 477 U.S. 248, 106 S.Ct. at 2510. Substantive Law will determine which facts are material. <u>Id.</u>; <u>Boyle v. County of Allegheny Pa.</u>, 139 F.3d 386, 393 (3rd Cir.1998); <u>Douglass v. United Servs. Auto, Ass'n</u>, 79 F.3d 1415, 1423, n.11 (5th Cir.1996). Plaintiff has shown a genuine material fact issue clearly in-dispute & in controversy & has shown '<u>good cause</u>' via: FRCP 56(f) affidavit with supportive memorandum of law in opposition to the defendants motion to dismiss or in the alternative summary judgment via: FRCP 56. <u>Anderson</u>, 477 U.S. at 248, 106 S.Ct. at 2510; <u>Bratton v. Roadway Package Sys. Inc.</u>, 77 F.3d 168, 173 (7th Cir.1996); <u>Buck</u>, 75 F.3d at 1289. Plaintiff, did defeat the motion for dismissal & summary judgment & shows that there are issues in genuine dispute, advance convincing theories as to their materiality. <u>Anderson</u>, 477 U.S. at 247-48, 106 S.Ct. at 2510;

(17)

FDIC v. Elder, Care Serv.,Inc., 82 F.3d 524, 526-27
(1st Cir.1996); BellSouth Telecomm., Inc. v. W.R.
Grace & Co., 77 F.3d 603, 615 (2nd Cir.1996). Plaintiff,
must do "one" of the following:

  (1) rehabillitate the evidence attacked in the
      motion;

  (2) produce evidence showing the existence of
      a genuine issue for trial, or;

  (3) submit an FRCP 56(f) Affidavit explaining
      why further discovery is necessary, supra.

Plaintiff, has clearly, exercised & developed

'all' three criteria's as this response so supports.

United States v. Gifford, 17 F.3d 462, 470-471

(1st Cir.1994); Government Agents run awary of

the Due Process Clause if, & to the extent that,

their investigative conduct violates "Fundamental

Fairness" & is "Shocking to the Universal Sense

of Justice" U.S. v. Russell, 411 U.S. 423, 432,

93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973). "The

governments active participation in a criminal

venture may be so shocking a nature as to violate

a parties (Plaintiff's) Due Process." "Where rights

secured by the constitution are involved, there

can be no rule making or legislation which would

abrogate them." Miranda v. Arizona, 384 U.S. 436

at 491. In order for a law to be proper, it must

be just. It must protect equally the rights of

all without violating the rights of any.

There is nothing mysterious about proper law;
it is based on reasonableness & common sense,
& is harmonious with the laws of God. God knows
that people's political standards are a reliable
reflection of their moral standards & that the
laws which they support are a good test of how
they wish to be judged (Matthew 7:1). Maxims In
Law: Maxims are as much a part of the laws of
human relations (Commerce) as a foundation is
part of a building. They are fundamental & immutable,
having their basis in God's Laws. No one of sound
mind argues against them. They are the bedrock
of logic, of reason, of common sense, of truth.
They are fundamental principles upon which all
is right, just & true is founded. They are the
standards to measure the correctness of any course
or action. The word "Maxim" is defined as an expression
of an absolute truth or principle. Anyone who
is not schooled in the logic of maxims is easily
confused for the want of such understanding. The
legal profession has vested interest in keeping
the people ignorant of these principles: protecting
the need for their "Priest-craft." Priestcraft
is "the craft of specialists who work to create
the illusion their craft is too complex to be
understood by anyone else." Enter: USA/AUSA's Motion.

(19)

This Court must scrutinize the record in light most flattering to the Plaintiff, opposing the summary judgment motion, indulging "all" reasonable inferences in Plaintiff's favor. MulvillHill v. Top-Flight Golf Co., 335 F.3d 15, 19 (1st Cir.2003); Issues of fact are in "genuine" dispute if they "May reasonably be resolved in favor of either party." Cadle v. Hayes, 116 F.3d 957, 960 (1st Cir.1997). Facts are "Material" if they possess "the capacity to sway the outcome of the litigation under applicable law." Id.  Plaintiff's well pled Motion/Affidavit via FRCP 56(f), has shown "good cause." Schlafgenhauf v. Holder, 379 U.S. 194 (1964).

   Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M.1986); "(Respect for the law, particularly by the defendant, supra law enforcement officials responsible for the administration of constitutional, federal & state statutory laws & ethical codes of conduct & enforcing the lawful system, is in itself a matter of the highest public interest.)" Llewelyn v. Oakland County Prosecutor's Office, 402 F.Supp. 1379, 1393 (E.D.Mich.1975); ("The Constitution is the ultimate expression of the public interest").

## Conclusion

WHEREFORE, For all of the above stated reasons,

Plaintiff, requests that this Honorable Court,

grant, Plaintiff's Motion/FRCP 56(f) Affidavit

in Opposition to the Defendants Motion to Dismiss

& or in the alternative for summary judgment via:

FRCP 56, thus, defendants motion be denied, or

in the alternative allows Plaintiff, an opportunity

to Supplement via: FRCP 15, to satisfy any of

missteps, thus, staying this decision until the

supplemental response is received by this Court.

This request is also in the interest of justice.


Respectfully Submitted By
Plaintiff/Claimant/Affiant:

*Cesar Mendoza Hernandez*

| | | |
|---|---|---|
| Pro Per | Cesar Mendoza-Hernandez | Signed under: |
| In Propria | 33674-077 | 18 U.S.C. |
| Persona | FCI McKean | §1623 & under |
| Proceeding | P.O. Box 8000 | 28 U.S.C. |
| Sui Juris | Bradford, Pennsylvania | §1746. |
| | 16701 | |


Montesquier De L' Espirit Des Lois, 1746:
"There is no more tyranny than which is exercised
under the cover of law, and with the colors of Justice."
U.S. v. Jannottie, 673 F.2d 578, 614 (3rd Cir.1982).


Sec. & Law Enforcement v. Carey, 737 F.2d 187,
192 (2nd Cir.1984);
Decimus Junius Juvenal, originally stated:
"Sed quis custodient ipsos custodes?"
(But who is to guard the guards themselves?)


(21)

## CERTIFICATE OF SERVICE

I, Cesar Mendoza-Hernandez, Pro Per In Propria Persona
Proceeding Sui Juris, hereby certify that this Legal
Court Documents was sent via: United States Mail,
Postage Prepaid on this _____ day of _____ 2005,
to the following:

Susan Paradise Baxter,
United States Magistrate
Judge
Western District of Pennsylvania
227 U.S.P. & Courthouse
617 State Street
Erie, Pennsylvania
16501

Mary Beth Buchanan,
U.S. Attorney &
AUSA: Lee J. Karl
U.S. Attorneys Office
Western District of PA
700 Grant Street
Suite 400
U.S.P.O. & Courthouse
Pittsburgh, Pa
15219

Clerk of Courts
Clerk's Office
United States District Court
Western District of Pennsylvania
P.O. Box 1820
Eries, Pennsylvania
16507

An Tran, Esq.,
Federal Bureau of Prisons
Federal Transfer Center
P.O. Box 898802
Oklahoma City, Oklahoma
73189

Pro Per
In Propria
Persona
Proceeding
Sui Juris

Cesar Mendoza-Hernandez
33674-077
FCI McKean
P.O. Box 8000
Bradford, Pennsylvania
16701

Signed under
18 U.S.C.
§1623 & under
28 U.S.C.
§1746.

(22)

Cesar Mendoza-Hernandez
33674-077
FCI McKean
P.O. Box 8000
Bradford, Pennsylvania
16701

Clerk of Courts
Clerk's Office
U.S. District Court
Western District of
Pennsylvania
P.O. Box 1820
Erie, Pennsylvania
16507

RE: Cesar Mendoza-Hernandez
V. James F. Sherman,
Warden, FCI McKean.
#04-204E.

Honorable: Baxter
U.S. Magistrate Judge
Western District of PA

Dated: _July 17_ 2005.

Dear Clerk of Courts,  & Honorable Judge: Baxter,

Enclosed please find a copy of
Plaintiff's Motion/Affidavit via: FRCP 56(f), in opposition
to defendant: Sherman's Motion to Dismiss or in the
alternative for summary judgment via: FRCP 56.
Sent to Judge: Baxter, Clerk of Courts, AUSA: Karl,
& Ms. Tran, Esq., via U.S. Mail, Postage Prepaid on
_17_ day of _July_ 2005.
 If you have any questions of concerns please do not
hesitate to contact me. Enclosed is also an extra
copy I request to be stamped & docketed & sent back
to me for my record. Much thanks.

Respectfully Submitted By

_Cesar Mendoza Hernandez_

Pro Per
In Propria
Persona
Proceeding
Sui Juris

Cesar Mendoza-Hernandez
33674-077
FCI McKean
P.O. Box 8000
Bradford, Pennsylvania
16701

Signed under
18 U.S.C.
§1623 & under
28 U.S.C.
§1746.

"Legal Mail-Special Mail"
"Certified Mail Return Receipt #7004-2890-0004-5923-8522"