### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CESAR MENDOZA-HERNANDEZ,** | ) | |
| **Plaintiff** | ) | **C.A. No. 04-204 Erie** |
| | ) | |
| **v.** | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| **JAMES F. SHERMAN, Warden,** | ) | |
| **Defendant.** | ) | |


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


**I.      RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss complaint, or in the alternative, motion for summary judgment [Document # 15] be granted.


**II.      REPORT**

**A.      Relevant Procedural and Factual History**

On August 23, 2004, Plaintiff Cesar Mendoza-Hernandez, an inmate incarcerated at the Federal Correctional Institute at McKean ("FCI McKean") in Bradford, Pennsylvania, filed this *pro se* civil rights action against Defendant James F. Sherman, Warden at FCI-McKean ("Sherman").

Plaintiff alleges that on October 22, 2000, while he was incarcerated at FCI-Reno in El Reno, Oklahoma, he was assaulted by an inmate named "Romero." (See Complaint at Section IV.C.2).  Plaintiff claims that the next day he was assaulted by another inmate named "Balcazar" and that a corrections officer observed the assault, but failed to intervene. (See Complaint at Section IV.C.3).  Plaintiff claims that he was then assaulted by the same corrections officer and two other officers. (See Complaint at Section IV.C.3).

On November 27, 2001, Plaintiff was transferred to a correctional institution in Oakdale, Louisiana, where he was placed in a cell with a gang member. (See Complaint at Section IV.C.4).  Plaintiff claims that he was left in the cell shackled and handcuffed, which allowed

him to be assaulted by his cellmate. (See Complaint at Section IV.C.5).

Plaintiff claims further that, while still incarcerated in Oakdale in or around February 2002, prison staff placed him in solitary confinement and fed him spoiled food "laced with plastic, weeds, and tiny rocks." As a result, Plaintiff claims that his throat became swollen and he chipped a tooth. (See Complaint at Section IV.C.6).

Plaintiff alleges that the above assaults violated his Fourteenth Amendment rights to equal protection and due process, and his Eighth Amendment right to be free from cruel and unusual punishment. (See Complaint at Section III).

Defendant has filed a motion to dismiss, or in the alternative, for summary judgment on the following bases:

    A.    Plaintiff has failed to state a cause of action against Defendant Sherman because all of the alleged constitutional violations occurred while Plaintiff was incarcerated in FCI-Reno and in Oakdale, Louisiana;

    B.    The Western District of Pennsylvania is not the proper venue for this suit;

    C.    Plaintiff's claims are barred by applicable statutes of limitations;

    D.    Plaintiff has failed to exhaust his administrative remedies;

    E.    Plaintiff's vague reference to "negligence" in his prayer for relief does not sufficiently state a claim upon which relief may be granted, and he has failed to exhaust his administrative tort remedies with regard to any such claim in any event; and

    F.    Plaintiff has failed to effectuate service of process.

Plaintiff has filed a brief in response to Defendant's motion denying Defendant's dismissal claims and essentially restating the allegations of his Complaint. As a result, this matter is ripe for consideration.

**B.**    **Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless

the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. <u>Neitzke</u>; <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. <u>Matsushita Elec. Indus. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986); <u>Williams v. Borough of West Chester, Pa.</u>, 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. <u>Bailey v. United Airlines</u>, 279 F.3d 194, 198 (3d Cir. 2002) <u>quoting</u> <u>Battaglia v. McKendry</u>, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." <u>In re Ikon Office Solutions</u>, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. <u>Big</u>

3

Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. v. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complaint. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63,65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.    Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

No analysis of exhaustion may be made absent an understanding of the administrative process available to federal prisoners. The Bureau of Prisons has established a multi-tier system

4

whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997).   First, "an inmate shall ... present an  issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).   Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a).   The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a).   An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

The requirements that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton, 306 F.3d 1347  (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Thus, federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).  However, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is not a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").  Additionally, the Third Circuit has held that a plaintiff need not affirmatively plead exhaustion, but that

5

exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the recent Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78. There is, however, language in *Nyhuis* reflecting the Circuit's "understanding that compliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis, 204 F.3d at 77-78. The Third Circuit has not yet fully explored the meaning of "substantial compliance": "Whatever the parameters of 'substantial compliance' referred to [in *Nyhuis*], it does not encompass a second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed." Ahmed, 297 F.3d at 209.

Defendants argue that Plaintiff failed to timely exhaust his administrative remedies with regard to his claims. In particular, Defendants have submitted the Declaration of An Tran, Attorney Advisor for the Federal Bureau of Prisons ("BOP"), who has verified under oath that BOP records disclose that Plaintiff never began the administrative process, let alone exhausted it, for his claims of assault, excessive force and/or being served spoiled food laced with foreign particles. (See Declaration of An Tran ("Tran Declaration") attached as Exhibit B to Defendant's Memorandum of Law, at ¶ 12).[1] Thus, Defendants argue that Plaintiff procedurally defaulted on all of his Bivens claims.

---

[1]

Plaintiff baldly asserts in his Complaint that he exhausted his administrative remedies. (See Complaint, at Section V.C.1). However, while BOP records confirm that Plaintiff has filed approximately seventeen different administrative complaints for a wide variety of reasons, none has pertained to the claims raised in the present lawsuit. (See Attachment 1 to Tran Declaration).

6

In <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004), the Third Circuit held that the PLRA's exhaustion requirement includes a procedural default component. <u>Id.</u> at 230. In particular, the Third Circuit Court cautioned that "without the backstop of a procedural default rule, an aggrieved prisoner could evade § 1997e(a)'s exhaustion requirement by simply letting the time to prevent his grievance expire..." 372 F.3d at 228. <u>See</u> <u>also</u> <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1186 (10th Cir. 2004)("[r]egardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them'")(citation omitted). The Third Circuit Court held further that "prison grievance procedures supply the yardstick for measuring procedural default." 372 F.3d at 231. Thus, the "yardstick for measuring procedural default" in this case was twenty (20) days following the date the events occurred that gave rise to the administrative remedy request. <u>See</u> 28 C.F.R. § 542.14(a). It is clear from the record that the time period for Plaintiff to begin the administrative remedy process with regard to his claims has long since passed.

The only argument raised by Plaintiff in response to Defendant's exhaustion defense is that "if" he did exhaust his administrative remedies, "he could have easily ended up an 'accidental' death ... [s]uch as the same situation as the incident in the Oklahoma City, Transfer City in Oklahoma, in which numerous guards beat an inmate to death & hung him up after in his cell & ruled it a suicide." Thus, Plaintiff asserts that he "should be excused from this procedure, in the interest of justice." (See Document # 19, Plaintiff's Opposition Brief, at p. 11). This argument is purely speculative and is insufficient to overcome the exhaustion requirement applicable under the PLRA, which is required to assert constitutional claims against individual BOP employees.

Based on the foregoing, it is apparent that Plaintiff procedurally defaulted on all of his claims and, thus, failed to exhaust his available administrative remedies regarding these claims. As a result, this Court is barred from hearing Plaintiff's claims, and they should be dismissed.

### C.    Failure to State a Claim Against Defendant Sherman

Even if Plaintiff had exhausted his administrative remedies with regard to his claims, he has failed to assert any allegations against Defendant Sherman, and there is no indication that Sherman had any involvement whatsoever in the assaultive conduct that allegedly occurred in El Reno, Oklahoma, and Oakdale, Louisiana.  Indeed, the only mention of Defendant Sherman in the Complaint is in the caption, where he is named as the sole Defendant.  Defendant Sherman is the Warden at FCI-McKean in Bradford, Pennsylvania, and at all times relevant to this action, was an Associate Warden in Brooklyn, New York. (See Declaration of James F. Sherman ("Sherman Declaration") attached as Exhibit A to Defendant's Memorandum of Law, at ¶ 1). He was not employed in El Reno, Oklahoma or Oakdale, Louisiana at any time relevant to this action. (See Sherman Declaration at ¶ 3).  As a result, Plaintiff has failed to state any basis for his claims against Defendant Sherman and all claims should be dismissed.[2]

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss, or in the alternative, motion for summary judgment [Document # 15], be granted.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


                              /s/ Susan Paradise Baxter
                              SUSAN PARADISE BAXTER
                              Chief U.S. Magistrate Judge

---

[2]

Because this Court has recommended dismissal of this case based on Plaintiff's failure to exhaust his claims and failure to state a claim, there is no need to address Defendant's other arguments.

8

Dated: July 27, 2005

cc:     The Honorable Sean J. McLaughlin
        United States District Judge